UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 22-10571 |
| | ) | |
| Matthew M. Motil | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Judge Arthur I Harris |
| | ) | |
| | ) | **MOTION OF LORI REHN FOR** |
| | ) | **RELIEF FROM STAY** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Now comes Lori Rehn, a creditor in the herein bankruptcy case, (the "Movant"), by and through undersigned counsel, and hereby moves this Court, under Bankruptcy Code §§ 361, 362, 363, and other sections of Title 11 of the United States Code, under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362.

**Notice: Pursuant to Local Bankruptcy Rule 4001-1(a), this Motion deviates from the official forms prescribed in this judicial district based upon the fact that this Motion involves ongoing (non-foreclosure) litigation.**

## MEMORANDUM IN SUPPORT

### Background

1.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. ' 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.      On March 7, 2022, the Debtor, Matthew M. Motil, ("Debtor"), filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code.

1

3.      In schedule E/F, as attached to his petition, the Debtor listed a claim owed to the Movant in an unknow amount. The circumstances giving rise to this claim are as follows:

4.      Prior to the filing of the Bankruptcy Case, the Movant invested money with the Debtor, and companies owned and controlled by the Debtor as follows: Invcle150, LLC, Buycle158, LLC and Buycle175, LLC. (Collectively "Entities").

5.      That on or around January 27, 2020, the Debtor, acting on behalf of the Entities, entered into transactions whereby the Movant lent $150,000.00 to the Entities for a term of twelve (12) months ("Agreement").

6.      That the $150,000.00 in loans made under the Agreement were to be secured by first mortgages upon real property owned by the respective Entities as follows:

(a)      13529 Leroy Avenue, Cleveland, Ohio 44135, owned by Invcle150, LLC;

(b)      13410 Wainfleet Avenue, Cleveland, Ohio 44135 owned by Buycle158, LLC; and

(c)      3318 Hearthstone Road, Parma, Ohio 44134 owned by Buycle175 LLC.

(Collectively "Properties").

7.      The Agreement was documented with promissory notes and mortgages (hereinafter collectively the "Loans").

8.      That the Debtor defaulted under the Loans by, among other things, failing to make payments to the Movant as required under the Loans and fraudulently misrepresenting to the Movant that the Properties were unencumbered when, if fact, the Debtor, on behalf of the Entities, had allowed the Properties to become encumbered by other interest which would be superior to the mortgages which were to be provided by the Debtor/Entities to the Movant.

9.      That on April 15, 2021, the Movant commenced a suit in the Cuyahoga County Court of Common Pleas with respect to and concerning the default under the Loan. ("Lawsuit").

10. The Lawsuit was brought against both the Debtor and the Entities and is designated Case Number CV 21-947601.

11. That in the Lawsuit, the Movant made the following Claims against the Debtor and/or the Entities: (1) Breach of Promissory Note: (2) Breach of Contract; (3) Fraudulent Inducement/Misrepresentation; (4) Civil Theft by Deception; (5) Securing Writings by Deception; (6) Equitable Lien; (7) Declaratory Judgment; (8) Unjust Enrichment; and (9) to Pierce the Corporate Veil. Attached hereto as Exhibit A is a copy of the complaint.

12. That on the Claims in the Lawsuit, the Movant sought that her Claims be tried by a jury and asked for actual damages, punitive damages, attorney fees and costs and other related relief.

13. That the Lawsuit was pending at the time the Debtor sought bankruptcy relief, with the Lawsuit being stayed by the filing of the bankruptcy case.

14. By way of this Motion, the Movant asks that relief from stay be granted so as to allow the Movant to proceed with the litigation now pending with respect to the Lawsuit.

15. The Movant represents that he has or intends to file a complaint to determine dischargeability with respect to the Movant's claims against the Debtor.

**Arguments in Support**

12. 11 U.S.C. §362(d) provides:

On request of a party in interest and after notice and hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

(1) for cause, . . .

13. For purposes of § 362(d), courts routinely find that cause will exist, so as to warrant lifting the automatic stay of § 362(a), where, as here, a claimant seeks to proceed with

3

litigation pending in another forum. *See*, *e.g.*, *In re Hruby*, 512 B.R. 262, 267 (Bankr. D. Colo. 2014). Moreover, where such relief is sought, the Debtor has the burden to prove that cause does not exist to lift the stay to permit the litigation pending in another forum. *See*, 11 U.S.C. § 362(g).

14.     In *In re Martin*, 542 B.R. 199 (6th Cir. BAP 2015), the Bankruptcy Appellant Panel for the Sixth Circuit held that a court should consider the following factors when assessing whether to lift the stay so as to allow litigation pending in another forum to proceed: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. *Id*. at 202. In addition, courts also look to these considerations: (1) the creditor's chances of success on the merits; (2) specialized expertise of the non-bankruptcy forum; (3) whether the damages or claim that may result from the non-bankruptcy proceeding may be subject to equitable subordination under Section 510(c); (4) the extent to which trial of the case in the non-bankruptcy forum will interfere with the progress of the bankruptcy case; (5) the anticipated impact on the movant, or other non-debtors, if the stay is not lifted; and, (6) the presence of third parties over which the bankruptcy court lacks jurisdiction. *In re Cummings*, 221 B.R. 814, 818-19 (Bankr. N.D. Ala. 1998).

15.     As it regards the above considerations, the Movant would point to these considerations. First, the litigation concerning the Lawsuit has been pending over a year. Conversely, litigation concerning the disichargeability of the Movant's claim against the Debtor is just now commencing. As a result, the litigation concerning the Lawsuit is at a much more advanced stage.

4

16.     Secondly, the Movant would point out that there exists defendants in the lawsuit over which the Court does not have jurisdiction - *i.e.* the Entities. As a result, there is the risk of inconsistent verdicts with respect to those third parties and any decision entered by the Court in the dischargeability litigation to commence in this Court. Similarly, if the stay were not lifted, the Movant would be required to litigate the Debtor's liability in this Court, and then would also be required to litigate the liability of the third-parties in the Lawsuit, thereby resulting in a duplication of efforts and expenses.

Third, allowing the Lawsuit to proceed will not impact the estate or other creditors in this case, as this is a Chapter 7 case, and thus the estate will not incur the costs of litigating the Lawsuit. Fourth, in his statement of financial affairs, the Debtor listed 15 lawsuits pending against him at the commence of his case. It would be anticipated that at least a number of these lawsuit will involve issues pertaining to dischargeability. As a result, judicial economy for the Court would provide that, to the extent parties to the lawsuits wish to pursue their claims in other forums, that the Court can allow such suits to proceed in the other forum.

The fact that issues concerning dischargeability may be intertwined with litigation pending in another forum should not lead to a different result. As the court in *In re Martin* set forth:

> Indeed, although bankruptcy courts have exclusive jurisdiction to determine dischargeability issues, this "does not require the bankruptcy court to redetermine all the underlying facts" of the case if they were previously determined in an earlier lawsuit. The Supreme Court has specifically held that issue preclusion principles are applicable to nondischargeability proceedings in bankruptcy cases. The fact that a bankruptcy Court may give preclusive effect to the state court judgment does not mean that is deferring to the state court to determine dischargeability. The dischargeability of a debt must be recognized as a matter separate from the merits of the debt itself. Accordingly, the bankruptcy court does not improperly abdicate its role by holding an adversary proceeding to determine the dischargeability of a potential debt in abeyance in order to allow completion of on-going state court litigation regarding the cause of action giving rise to the potential debt.

5

*Id*. at 202-03 (internal citations and quotations omitted).

The Movant would also point to the fact that the Debtor has listed the claim of the Movant as unliquidated and disputed. Thus, with litigation in the Lawsuit having progressed to its one-year anniversary, lifting the stay, so as to allow the Movant to proceed with the Lawsuit, will further promote judicial economy by allowing for the most expeditious determination of the Movant's claims against the Debtor.

21. The claims of the Movant, moreover, involve state-law claims, thus again bending in favor of granting relief from stay, Finally, the Movant would call attention to this very important fact: She has sought to have her claims in the Lawsuit tried and heard by a jury, a right which is not afforded to the Movant if her claims against the Debtor were adjudicated solely in this Court in the context of a dischargeability proceeding. In *In re Martin*, the Court cited to this consideration, along with the fact that litigation pending in the other forum involved state-law fraud claims, as favorable in any analysis to lift the stay so as to allow the litigation pending in another forum to proceed. *Id*. at 203-04.

**WHEREFORE**, Movant pray for an order from the Court providing the following:

(1) That the automatic stay be lifted and modified pursuant to 11 U.S.C. § 362(d) so as to permit and allow the action pending by the Movant in the Cuyahoga County, Ohio Common Pleas Court in Case Number CV 21-947601 to fully proceed against the Debtor and all parties provided that any final orders or judgments entered in the Cuyahoga County, Ohio Common Pleas Court be subject to the jurisdiction of this Court regarding the dischargeability of such claims against the Debtor and any other matters over which this Court has exclusive jurisdiction; and

6

(2) That the Court enter any other relief in favor of the Movant it deems to be just and equitable.

Respectfully submitted

/s/Eric R. Neuman
Eric R. Neuman (0069794)
DILLER & RICE
Attorney for Movant
1105-1107 Adams Street
Toledo, Ohio 43604
Phone: (419) 724-9047
Fax: (419) 238-4705
eric@drlawllc.com

## NOTICE PURSUANT TO LOCAL RULE

**Your rights may be affected.   You should read these papers carefully and discuss them with your attorney, if you have one in this case.   If you do not have an attorney, you may wish to consult one.**   Under Local Bankruptcy Rule 9013-1 and 4:08, unless a written response to the Motion is filed with the Clerk of the Court and served on the moving party and the Office of the U.S. Trustee, objecting to the relief requested within fourteen (14) days, the Court may deem the opposition waived, treat the motions as conceded, and issue an order granting the requested relief without further notice of hearing.

/s/Eric R. Neuman
Eric R. Neuman

## CERTIFICATION

I, Eric Neuman, do hereby certify that a copy of this Motion for Relief from Stay was sent this day 6th day May, 2022, to the list of creditors and/or interested parties listed below.

/s/Eric R. Neuman
Eric R. Neuman

7

**Notice will be electronically mailed to:**

- Virgil E. Brown      virgil@vebtrustee.com, vbrownjr@ecf.axosfs.com
- Evan T. Byron      etb@kdglegal.com, hlb@kdglegal.com
- Thomas W. Coffey      tcoffey@tcoffeylaw.com
- Daniel A. Cox      bankruptcy@woodlamping.com, dacox@woodlamping.com
- Matthew R. Duncan      mrduncan@bmdllc.com,
  blhefner@bmdllc.com;lmrossos@bmdllc.com
- Eric R. Neuman      eric@drlawllc.com,
  kim@drlawllc.com;r50765@notify.bestcase.com;raymond@drlawllc.com;leanne@drlaw
  llc.com
- David M. Neumann      dneumann@meyersroman.com,
  jray@meyersroman.com;mnowak@meyersroman.com
- Jody Michelle Oster      jodymoster@gmail.com
- United States Trustee      (Registered address)@usdoj.gov
- Scott R. Belhorn ust35      Scott.R.Belhorn@usdoj.gov

**Notice will be mailed to:**

American Express National Bank
c/o Zwicker & Associates, PC
80 Minuteman Road
PO Box 9043
Andover, MA 01810-1041

Mike Motil
834 Fairway Vista Drive
Santa Maria, CA 93455

Matthew M. Motil
7011 Chadbourne Drive
North Olmsted, OH 44070

# IN THE CUYAHOGA COUNTY, OHIO COURT OF COMMON PLEAS
## CIVIL DIVISION

| | | |
|---|---|---|
| LORI REHN<br>403 Fort Ranch Road<br>Georgetown, Texas 78633 | : <br> : <br> : | |
| | : | CASE NO.: |
| *Plaintiff,* | : <br> : | |
| -vs- | : <br> : | |
| INVCLE150, LLC<br>Statutory Agent North Shore Equity Sales<br>28475 Lorain Road, Suite #595<br>North Olmsted, Ohio 44070 | : <br> : <br> : <br> : | JUDGE: |
| And | : <br> : | |
| BUYCLE158, LLC<br>Statutory Agent North Shore Equity Sales<br>28475 Lorain Road, Suite #595<br>North Olmsted, Ohio 44070 | : <br> : <br> : <br> : | COMPLAINT FOR MONEY<br>DAMAGES & OTHER RELIEF |
| And | : <br> : | |
| BUYCLE175, LLC<br>Statutory Agent North Shore Equity Sales<br>28475 Lorain Road, Suite #595<br>North Olmsted, Ohio 44070 | : <br> : <br> : <br> : | **Jury Demand Endorsed Herein** |
| And | : <br> : | |
| MATTHEW MOTIL<br>7011 Chadbourne Drive<br>North Olmsted, Ohio 44070 | : <br> : <br> : | |
| and at:<br>28475 Lorain Road, Suite #595<br>North Olmsted, Ohio 44070 | : <br> : <br> : | |
| And | : | |
| JOHN DOE CORPORATIONS #1-5<br>*Being Other Entities Controlled by Matthew Motil*<br>*that wrongfully converted Plaintiff's proceeds for*<br>*its own use and benefit* | : <br> : <br> : <br> : <br> : | |

28475 Lorain Road, Suite #595       :
North Olmsted, Ohio 44070         :
                                            :

*Defendants.*

Now comes Plaintiff Lori Rehn (hereinafter "Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendants INVCLE150, LLC; BUYCLE158, LLC; BUYCLE175, LLC, Matthew Motil and John Doe Corporations #1-5, respectfully states the following:

1. Plaintiff is an individual residing in Georgetown, Texas who invested money with Defendant Matthew Motil (hereinafter "Mr. Motil").

2. Plaintiff and Mr. Motil agreed to enter into a series of transactions on or about January 27, 2020 (hereinafter collectively the "Agreement") whereby Plaintiff agreed to loan the total sum of $150,000.00 (one hundred fifty thousand and 00/100 dollars) to three (3) limited liability companies (INVCLE150, LLC; BUYCLE158, LLC; and BUYCLE175) for a term of twelve months.

3. The three (3) limited liability companies to which Plaintiff loaned $150,000.00 are all exclusively owned and controlled by Defendant Mr. Motil.

4. Each of the three (3) transactions was to be documented with a promissory note and secured by a first lien upon three (3) different properties.

5. Loan #1 was made to INVCLE150, LLC in the amount of $60,000.00 in which Mr. Motil represented to Plaintiff that her loan would be secured by a first mortgage on the real property located at 13529 Leroy Avenue, Cleveland, Ohio 44135. (Promissory Note and Mortgage for Leroy Avenue attached hereto as Exhibit A).

6. Loan #2 was made to BUYCLE158, LLC in the amount of $50,000.00 in which Mr. Motil represented to Plaintiff that her loan would be secured by a first mortgage on the real property

Electronically Filed 05/14/2021 15:15 / / CV 21 947601 / Confirmation Nbr. 2254191 / CLAJB

located at 13410 Wainfleet Avenue, Cleveland, Ohio 44135. (Promissory Note and Mortgage for Wainfleet Avenue attached hereto as Exhibit B).

7. Loan #3 was made to BUYCLE175, LLC in the amount of $40,000.00 in which Mr. Motil represented to Plaintiff that her loan would be secured by a first mortgage on the real property located at 3318 Hearthstone Road, Parma, Ohio 44134. (Promissory Note and Mortgage for Hearthstone Road attached hereto as Exhibit C).

8. The documentation for each of the loans #1-3 was prepared by Defendant Mr. Motil.

9. The Note/Mortgage for the Leroy Avenue property provides that the borrower will pay $600.00 to Plaintiff for a term of 12 months from March 1, 2020 – March 1, 2021, with a balloon repayment of $60,000.00 due on or before March 1, 2021. (Exhibit A).

10. The Note/Mortgage for the Hearthstone Road property provides that the borrower will pay $500.00 to Plaintiff for a term of 12 months from March 1, 2020 – March 1, 2021, with a balloon repayment of $50,000.00 due on or before March 1, 2021. (Exhibit B).

11. The Note/Mortgage for the Wainfleet Avenue property provides that the borrower will pay $400.00 to Plaintiff for a term of 12 months from March 1, 2020 – March 1, 2021, with a balloon repayment of $40,000.00 due on or before March 1, 2021. (Exhibit C).

12. Each of the Notes for each of the loans Plaintiff made provides that the borrower shall pay all costs and expenses incurred by Plaintiff, including all reasonable attorney fees, for the collection of the Note upon default.

13. Defendants intentionally misrepresented to Plaintiff that the subject properties, that were to be secured by a first mortgage, were unencumbered by other liens.

14. Defendants intentionally misrepresented to Plaintiff that the value of the subject properties were greater than their actual value.

15. Defendants intentionally misrepresented to Plaintiff that they would file the mortgages on her behalf with the Cuyahoga County Recorder's Office.

16. Defendants have not supplied and refuse to supply Plaintiff with the original Note and/or Mortgage.

17. Defendant Mr. Motil has wrongfully converted the proceeds of the Loans Plaintiff made to his own use and benefit and/or, upon information and belief, the use and benefit of John Doe Corporations #1 – 5 and/or to other numerous entities operated and controlled by Mr. Motil.

18. At all times relevant hereto, Mr. Motil directly or indirectly owned and/or controlled Defendants INVCLE150, LLC; BUYCLE158, LLC; and BUYCLE175 and other possible entities that are currently unknown despite various efforts made to discover the identity of John Doe Corporations #1-5.

## COUNT ONE – PROMISSORY NOTE

19. Plaintiff restates and incorporates by reference the foregoing Paragraphs as though fully restated herein.

20. Plaintiff is the owner of certain promissory notes, copies of which are attached hereto as "Exhibit A, Exhibit B and Exhibit C."

21. Defendants have defaulted on their monthly payments due under the Notes and by failing to make full payment on the Note at its maturity dates of March 1, 2021.

22. Plaintiff has declared that each of the debts under the Notes is due; and, that there is due and unpaid thereon the sum of $150,000.00, plus interest at the rate of 12% per annum on the sum of $150,000.00, from March 1, 2021, court costs, expenses and reasonable attorney fees.

## COUNT TWO – BREACH OF CONTRACT

23. Plaintiff restates and incorporates by reference the foregoing Paragraphs as through fully restated herein.

24. Plaintiff and Defendants entered into the Agreement whereby Plaintiff was to loan Defendants INVCLE150, LLC; BUYCLE158, LLC; and BUYCLE175 a total sum of $150,000.00 evidenced by the Notes attached hereto, to be secured by a first mortgage upon the three (3) subject properties previously identified.

25. Defendants breached the Agreements by failing to pay sums due as agreed, by not filing the Mortgage to secure the Note as promised and by not delivering the Notes and Mortgages to Plaintiff.

26. As a result of Defendants' intentional acts in breach of the Agreements, Plaintiff has suffered damages in excess of $150,000.00 to be proven at trial. Absent payment and receipt of prejudgment interest, Plaintiff will not be fully compensated.

## COUNT THREE – FRAUDULENT INDUCEMENT/MISREPRESENTATION

27. Plaintiff restates and incorporates by reference the foregoing Paragraphs as though fully restated herein.

28. Plaintiff was induced to enter into the Loan transactions through the fraud and misrepresentations of Defendant Mr. Motil.

29. Defendants misrepresented essential material facts and circumstances concerning the Properties to Plaintiff, which are the subject of the Agreement, as well as their intent and promise to file the Mortgages upon the Properties as represented.

30. Defendants misrepresented to Plaintiff that each of the Properties were unencumbered and that her $150,000.00 loan would be fully and 100% secured through first mortgages on each of the three (3) properties.

31. Defendants misrepresented to Plaintiff the value of each of the properties and asserted that her loan would be fully secured by first mortgages on each of the properties.

32. Defendants misrepresented to Plaintiff that they would file the mortgages on her behalf with the Cuyahoga County Recorder's Office in order to secure her $150,000.00 loan.

33. Defendants intentionally misrepresented the foregoing material facts with the intent that Plaintiff would rely upon the same.

34. Defendants representations were material to Plaintiff's decision to make the Loans.

35. Plaintiff justifiably relied upon Defendants' representations that each of the properties were unencumbered, that each of the properties were valued in excess of the loan amounts, that Defendants would record mortgages for Plaintiff and that the mortgages would fully secure the $150,000.00 in loans made.

36. Within the last month Plaintiff discovered that Defendants never recorded the mortgages upon the Property as they promised to do.

37. Within the last week Plaintiff discovered that at the time the loans were made to Defendants, on or about January 27, 2020, each of the properties had numerous encumbrances as a result of Defendants issuing mortgages and security agreements to other individuals and entities.

38. The subject properties currently have numerous liens and other encumbrances dating back to as early as December 2017 in which Defendants were involved and completely aware.

39. As a direct and proximate result of Defendants' fraudulent inducement and misrepresentations, Plaintiff has incurred damages in excess of $150,000.00 to be proven at trial.

Absent payment and receipt of prejudgment interest on the amount of these damages, Plaintiff will not be fully compensated.

## COUNT FOUR – CIVIL THEFT BY DECEPTION

40. Plaintiff restates and incorporates by reference the foregoing Paragraphs as though fully restated herein.

41. O.R.C § 2307.61 provides for civil damages resulting from the commission of a theft offense, as that phrase is defined in O.R.C. § 2913.01.

42. O.R.C. § 2913.01 provides that a violation of O.R.C. § 2913.02 is a theft offense.

43. O.R.C. § 2913.02(A)(3) states in relevant part, "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services…. by Deception."

44. O.R.C. § 2913.01(A) defines "Deception" as "knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact."

45. Defendant Mr. Motil induced Plaintiff to enter into the Loan transaction through fraud and misrepresentation.

46. Defendant Mr. Motil misrepresented essential material facts and circumstances concerning the properties to Plaintiff.

47. Defendant Mr. Motil misrepresented to Plaintiff that the properties were unencumbered and that her $150,000.00 loan would be secured through a first mortgage on each of the properties.

48. Defendant Mr. Motil misrepresented to Plaintiff that the value of the properties were greater than $150,000.00 and Plaintiff's loans would be fully secured by the first mortgages.

49. Defendant Mr. Motil misrepresented to Plaintiff that he would file the mortgage on her behalf with the Cuyahoga County Recorder's Office in order to secure her $150,000.00 loan.

50. Defendant Mr. Motil knowingly deceived and caused Plaintiff to be misled by false representations by conduct, acts or omissions that created, confirmed or perpetuated false impressions in Plaintiff so as to deprive Plaintiff of $150,000.00 and thereafter exerted control over said sums for his own purposes.

51. Defendant Mr. Motil committed theft by deception pursuant to O.R.C. § 2913.01 and O.R.C. § 2913.02

52. Plaintiff is entitled to civil damages for said Theft by Deception pursuant to O.R.C § 2307.61

53. As a direct and proximate result of Defendant Mr. Motil's Theft by Deception, Plaintiff has incurred damages in excess of $150,000.00 to be proven at trial. Absent payment and receipt of prejudgment interest on the amount of these damages, Plaintiff will not be fully compensated.

## COUNT FIVE – SECURING WRITINGS BY DECEPTION

54. Plaintiff restates and reincorporates by reference the foregoing Paragraphs as though fully restated herein.

55. O.R.C § 2307.61 provides for civil damages resulting from the commission of a theft offense, as that phrase is defined in O.R.C. § 2913.01.

56. O.R.C. § 2913.01 provides that a violation of O.R.C. § 2913.43 is a theft offense.

57. O.R.C. § 2913.43 states that "No person, by deception, shall cause another to execute

any writing that disposes of or encumbers property, or by which a pecuniary obligation is incurred."

58. O.R.C. § 2913.01(A) defines "Deception" as "knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact."

59. Defendant Mr. Motil induced Plaintiff to sign loan documents through fraud and misrepresentation.

60. Defendant Mr. Motil misrepresented essential material facts and circumstances concerning the properties to Plaintiff.

61. Defendant Mr. Motil misrepresented to Plaintiff that the properties were unencumbered and that her $150,000.00 loan would be secured through a first mortgage on each of the properties.

62. Defendant Mr. Motil misrepresented to Plaintiff that the value of the properties were greater than $150,000.00 and Plaintiff's loans would be fully secured by the first mortgages on the properties.

63. Defendant Mr. Motil misrepresented to Plaintiff that he would file the mortgages on her behalf with the Cuyahoga County Recorder's Office in order to fully secure her $150,000.00 loan.

64. But for Defendant Mr. Motil's deception, Plaintiff would not have executed the documents documents at issue.

65. Defendant Mr. Motil engaged in conduct constituting Securing Writings by Deception and Plaintiff is therefore entitled to damages in accordance with O.R.C. § 2307.61.

66. As a direct and proximate result of Defendant Mr. Motil's conduct constituting Securing Writings by Deception, Plaintiff has incurred damages in excess of $150,000.00 to be proven at trial. Absent payment and receipt of prejudgment interest on the amount of these damages, Plaintiff will not be fully compensated.

## COUNT SIX – EQUITABLE LIEN

67. Plaintiff restates and incorporates by reference the foregoing Paragraphs as though fully restated herein.

68. It was the intention of the parties that the Mortgage attached hereto in Exhibits A, B and C secure a valid first lien on the subject properties upon its execution on or about January 27, 2020.

69. Each of the three (3) Notes state that each of the three (3) properties shall be used as collateral for the respective loans Plaintiff made.

70. The mortgages each state that the grant of a mortgage upon the properties was a condition of funding the principal sum of each of the notes.

71. As a direct and proximate result of Defendants' failure to record a valid mortgage upon the properties, Plaintiff has been damaged in excess of $150,000.00 to be proven at trial, plus costs and reasonable attorney's fees as well as interest at the rate of 12.00% per annuum on the sum of $150,000.00.

## COUNT SEVEN – DECLARATORY JUDGMENT

72. Plaintiff restates and incorporates by reference the foregoing Paragraphs as though fully restated herein.

73. Due to the misconduct of Defendants, mortgages securing the notes attached hereto as Exhibits A, B and C were not filed with the Cuyahoga County Recorder.

74. Herein exists a real controversy, justiciable in nature, between adverse parties and speedy relief is necessary to preserve rights of the parties which will otherwise be impaired or lost.

75. Under O.R.C. § 2721, Plaintiff is entitled to a Declaratory Judgement declaring that Plaintiff is the holder of those notes and mortgages and is therefore entitled to enforce them.

## COUNT EIGHT – UNJUST ENRICHMENT

76. Plaintiff restates and incorporates by reference the foregoing Paragraphs as though fully restated herein.

77. Plaintiff conferred a benefit upon Defendants by providing loans in the amount of $150,000.00.

78. It is unjust and inequitable for Defendants to retain the benefits Plaintiff conferred without fully compensating Plaintiff in the amount benefited from such services.

79. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff has incurred substantial damages in excess of $150,000.00 to be proven at trial. Absent payment and receipt of prejudgment interest on the amount owed, Plaintiff will not be fully compensated.

## COUNT NINE – PIERCE CORPORATE VEIL

80. Plaintiff restates and incorporates by reference the foregoing Paragraphs as though fully restated herein.

81. At all times relevant herein, Defendant Mr. Motil directly or indirectly controlled INVCLE150, LLC; BUYCLE158, LLC; and BUYCLE175 as well as Defendants John Doe Corporations 1-5 in such a manner that said Defendants had no separate mind, will or existence from that of Mr. Motil.

82. Defendants INVCLE150, LLC; BUYCLE158, LLC; and BUYCLE175 as well as Defendants John Doe Corporations 1-5 constitute alter egos of Defendant Mr. Motil.

83. Defendant Mr. Motil exercised control over Defendants INVCLE150, LLC; BUYCLE158, LLC; and BUYCLE175, as well as Defendants John Doe Corporations 1-5 for the purpose of perpetrating fraud upon Plaintiff.

84. As a direct and proximate result of Defendant Mr. Motil's exercise of total control over INVCLE150, LLC; BUYCLE158, LLC; and BUYCLE175 as well as Defendants John Doe Corporations 1-5 for the purpose of defrauding Plaintiff, Plaintiff has been damaged in excess of $150,000.00 to be proven at trial.

85. By virtue of the foregoing, this Court should disregard and pierce the veils of Defendants INVCLE150, LLC; BUYCLE158, LLC; and BUYCLE175 as well as Defendants John Doe Corporations 1-5 and grant Plaintiff judgement against Defendant Mr. Motil for damages sustained through the conduct of his corporate alter egos.

**WHEREFORE**, Plaintiff demands judgement against Defendants as follows:

a. As to Counts One, Two, Three, Four and Five and Eight:

    i. A monetary judgement against Defendants, jointly and severally, in excess of $150,000.00 to be proven at trial;

    ii. Interest on all amounts due, including pre-judgment interest;

    iii. Punitive damages in an amount sufficient to deter future fraudulent conduct.

b. As to Count Six:

    i. A Declaratory Judgement establishing the validity of the Equitable Liens held by Plaintiff.

c. As to Count Seven:

    i. A Declaratory Judgement declaring that Plaintiff is the holder of the subject promissory notes and mortgages and is therefore entitled to enforce both against the respective properties.

d. As to Count Nine:

    i. A Declaratory Judgement declaring that the veils of Defendants INVCLE150, LLC; BUYCLE158, LLC; and BUYCLE175 as well as

Defendants John Doe Corporations 1-5 shall be pierced and that the same are mere alter egos of Defendant Matthew Motil.

e.  As to all Counts:

    i.  All costs, expenses and attorney fees incurred by Plaintiff;

    ii.  For such other and further legal and equitable relief as this Honorable Court deems just and proper.

Respectfully submitted,

**DONNELL & THOMAS LAW, LLC**

/s/ Ryan L. Thomas
Ryan L. Thomas    (0084828)
Titus G. Donnell    (0085266)
503 S. Front Street, Suite 250
Columbus, Ohio 43215
T: 614.586.1818
F: 614.222.0792
titus@donnellthomaslaw.com
ryan@donnellthomaslaw.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff, Lori Rehn, demands a jury of eight (8) for all claims set forth in this complaint against all Defendants identified herein.

/s/ Ryan L. Thomas
Ryan L. Thomas    (0084828)
**DONNELL & THOMAS LAW, LLC**
*Counsel for Plaintiff*