IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 22-10571 |
| | ) | |
| Matthew M. Motil, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Harris |

**DEBTOR'S OBJECTION TO MOTION OF RAY CATTANEO FOR
RELIEF FROM STAY AND MEMORANDUM CONTRA**

The Debtor, Matthew M. Motil, by and through his undersigned counsel OBJECTS to the Motion of Ray Cattaneo for Relief from Stay [Docket No. 25] (the "Motion"). In support of his Objection, the Debtor or respectfully sets forth the following Memorandum.

**Jurisdiction, Venue, and Procedural Posture**

The Debtor filed this case on March 7, 2022. This court has jurisdiction under 28 U.S.C. Sections 157 and 1334. Venue is proper in this court under 28 U.S.C. Sections 1408 and 1409. This is a core proceeding under 28 U.S.C. Section 157(b)(2), and the Debtor consents to the entry of final orders by this Court.

**Pre-Petition Background**

Prior to the pandemic, the Debtor had assembled a substantial portfolio of rental real estate. The financing to purchase the various properties consisted largely of loans made by private lenders at very high rates of interest, generally 10% to 12%. Immediately prior to the onset of the pandemic, the Debtor was able to purchase the business assets of a gym in Twinsburg, Ohio, followed by an additional gym in downtown Cleveland. The onset of the pandemic, with the accompanying closure of gymnasiums, the resignation of staff members, and the reluctance of the general public to enter gymnasiums, was devastating to the gym portion of

1

the Debtor's businesses. At the same time, the Debtor found himself overwhelmed by the scope and details of the real estate rental business. Eventually, all of the Debtor's businesses failed.

## State Court Litigation

The failure of the various businesses engendered, among other things, a cascade of state court litigation. The Motion is correct when it indicates that the Debtor's schedules reference more than a dozen separate cases filed in courts of common pleas. Moreover, the common pleas cases are venued in several Ohio counties in addition to Cuyahoga County. In an effort to preserve as much value as possible for the real estate portfolio, the Debtor developed a strategy of seeking a receivership over his own properties, with the goal of having all the real estate sold at maximum value by the receiver with the assistance of the Kiko real estate firm in Canton.

The strategy of seeking a receivership for purposes of selling the real estate at maximum value was designed to benefit creditors, even though it would have foreclosed the possibility of the debtor continuing to operate the real estate portfolio. Ultimately, the strategy was not successful, and the court of common pleas denied the motion. Significantly, though, a different court of common pleas granted a creditor's motion to appoint Zachary Burkons as receiver for all of the businesses and for all of Dr. Motil's property. The receivership order imposed a stay over all other litigation pending in the state courts against the Debtor or his business entities. In response to perceived irregularities in the process of appointing the receiver, a group of creditors appealed the receivership order, and the entire mass of state court litigation now remains suspended by the stay issued by the court of common pleas, as well as the pendency of the state court appellate process. Realizing that the goal of selling the real estate portfolio could not be achieved expeditiously, and also realizing that the shear scope and mass of state court litigation he was facing would require bankruptcy relief, the Debtor commenced this case.

2

**The *Martin* Factors**

In the Motion, Mr. Cattaneo cites the 6th Circuit BAP case of *In re Martin*, 542 B.R. 199 (6th Cir. BAP 2015). *Martin* sets forth a five part list of factors for the court to use in deciding whether to lift the automatic stay to allow litigation to proceed in another forum. The *Martin* factors include the following: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burdens to the bankruptcy estate and the impact of the litigation on other creditors. Lists of factors like the ones set forth in *Martin* may provide courts with a useful framework for analysis, but the usefulness of any such list ultimately depends on a careful application of the facts of each case. As this court has pointed out in a similar context, "This is a multi-factor balancing test, not a rule in which every element must be satisfied." *Butler v. Cortland Sav. & Banking Co. (In re Butler)*, 2020 Bankr. LEXIS 2063; 2020 WL 4809902 (Bankr. N.D. Ohio 2020).

In this case, the correct application of the Martin factors to the facts of the case reveals that relief from stay should not be granted, and the Motion must be denied.

**Judicial Economy**

The first factor to consider is judicial economy. Is it more efficient and a better use of judicial resources for one judge to understand the set of issues which repeats in all of the pending common pleas cases, or is it more efficient and a better use of judicial resources for multiple judges to consider substantially identical fact patterns presented in many different cases and jurisdictions? To ask the question is to know the answer. Moreover, centralizing all of the nearly identical cases in this forum is likely to produce a much more efficient use of legal resources. There are already two requests for stay relief in this court, and the debtor believes others may

follow. It is difficult to argue that judicial economy will be achieved through stay relief, particularly with so many pending state court cases. Just as importantly, judicial economy is better served if the Bankruptcy Court determines all factors in connection with Mr. Cattaneo's claims, as opposed to having a common pleas judge determine some factors in a lengthy trial with the Bankruptcy Court stepping in to assess dischargeability afterwards.

### Trial Readiness

The second Martin factor is trial readiness. The lawyers who represented the Debtor prior to this bankruptcy case have reported to the undersigned counsel that not a single deposition has been taken in any of the common pleas cases. Moreover, those same lawyers have reported that no discovery requests have been exchanged, and that the involvement of the courts of common pleas has been minimal, consisting of pretrial conferences only, with no case management orders issued. In the Motion, Mr. Cattaneo asserts that his lawsuit has been pending for over a year, and that dischargeablity litigation in this court is just now commencing. He asserts that the litigation concerning his case is at a much more advanced stage.

The reality is far different. Although Mr Cattaneo's case may have been filed for an extend period of time (since April 15, 2021), his case has not advanced at all. No depositions, no discovery, no trial date, and perhaps most importantly, no movement at all since the imposition of a stay in the receivership order issued in Cuyahoga County. The pendency of an 8th District appeal in the Ohio Court of Appeals is the cherry on top of the immobility Sundae. Even if this court granted relief from stay, Mr. Cattaneo's suit could not proceed.

### Resolution of Bankruptcy Issues

The third *Martin* factor is the resolution of preliminary bankruptcy issues. That factor also cuts in favor of maintaining Mr. Cattaneo's claims in this court. The 341 meeting has just

been held, and has been continued by the Trustee. Among other issues facing the Debtor and the Trustee is whether the Gordian Knot of litigation currently pending may best be untied by filing bankruptcy proceedings for some or all of the Debtor's business entities to permit an efficient and expeditious sale of the various parcels of real estate under section 363. A sale of the real estate in this court would entail resolution of priority of lien issues which would benefit all creditors claiming interest in the properties, and might also facilitate certain global settlements advantageous to all parties.

### Creditor's Chance of Success on the Merits

The fourth *Martin* factor is the creditor's chance of success on the merits. As a preliminary matter, the creditor will have no chance of success in the state court while all of the state court litigation remains stayed as a result of the receivership order and the pending appeal. Mr. Cattaneo evidently believes that he has a greater chance of success on the merits in the state court than in this court, and he has articulated that his request for a jury is entitled to deference. However, this court has exclusive jurisdiction over dischargeability issues, and this court must eventually hear those issues regardless of how long the Richland County case remains inactive. None of the issues in the case are unique to state law or beyond the competency of this court. Moreover, any argument that Mr. Cattaneo has a better chance of success in the Richland County venue than he does in this court smacks of forum shopping and should not be credited in this Court's analysis.

### Cost Burdens and Impact of Litigation

The final *Martin* factor pertains to the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. As the discussion above indicates, centralizing the nearly identical cases of various creditors in this court is in the best

interest of the estate and all parties because it will minimize duplication, maximize efficiency, shorten time, and potentially lead to settlements among multiple parties which might not be possible if the litigation remains in its current fractured state in multiple venues. This is obviously particularly true in this case, where Mr. Cattaneo's complaint in this court has been filed, an answer is due one week from today's date, and the doors to the courtroom are open for business.

**WHEREFORE**, The Debtor respectfully requests that this Court DENY the Motion for Relief from Stay, maintain jurisdication over Mr. Cattaneo's Adversary Proceeding, and resolve the dischargeability issues together with any other pending issues affecting Mr. Cattaneo's claims.

Respectfully submitted,
/s/Thomas W. Coffey
Thomas W. Coffey (0046877)
Coffey Law LLC
2430 Tremont Avenue
Cleveland, OH 44113
(216) 870-8866
tcoffey@tcoffeylaw.com

*Counsel for the Debtor*

**Certificate of Service**

I hereby certify that a copy of the foregoing Debtor's Objection to Motion of Ray Cattaneo for Relief from Stay and Memorandum Contra was served on Eric R Neuman and all other counsel of record in this case through the Court's electronic filing system on this Thirteen day of May, 2022.

/s/ Thomas W. Coffey
Thomas W. Coffey (00468777)