IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | IN CHAPTER 7 PROCEEDINGS |
| MATTHEW M. MOTIL; | CASE NUMBER 22-10571-aih |
| *Debtor*, | JUDGE ARTHUR I. HARRIS |
| BRIAN BONETTA<br>2108 Palomino Drive<br>Chandler, Arizona 85224 | ADV. CASE NO.: |
| *Plaintiff*, | |
| vs. | |
| Matthew M. Motil<br>7011 Chadbourne Drive<br>North Olmsted, OH 44070 | |
| *Defendant*. | |
| Notice also to: | |
| Thomas W. Coffey<br>Attorney for Debtor<br>2430 Tremont Avenue, Front<br>Cleveland, OH 44113-4635<br>(*Debtor's Attorney*) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF A PARTICULAR DEBT PURSUANT TO 11 U.S.C § 523(a)(2), § 523(a)(4) AND § 523(a)(19)**

Now comes the Plaintiff, Brian Bonetta (hereinafter the "Plaintiff"), by and through undersigned counsel, and for his adversary complaint states as follows:

**JURISDICTION AND VENUE**

1) The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §157 and 1334 and 11 U.S.C. §523(a). This is an adversary proceeding pursuant to Bankruptcy Rule 7001(6) and a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (I). Pursuant to Bankruptcy Rule 7008,

1

the Plaintiff states that he consents to the entry of final orders and judgments by the bankruptcy court.

2) Venue is proper in this district pursuant to 28 U.S.C. §1409.

## STATEMENT OF FACTS

3) Plaintiff is an individual currently residing in Maricopa County, Arizona, who previously resided in Lauderdale County, Alabama.

4) Upon information and belief, the Defendant, Matthew Motil (hereinafter the "Defendant"), is an individual residing in Cuyahoga County, State of Ohio.

5) Upon information and belief, Defendant had an ownership interest in a limited liability company called BUYCLE158, LLC (hereinafter "BUYCLE158").

6) Upon information and belief, Defendant had control over the business operations of BUYCLE158.

7) Defendant holds him himself out to be an expert and knowledgeable in real estate investing and investments.

8) That the Defendant, made numerous social media posts on the internet concerning the opportunities the Defendant could offer for investing in real estate.

9) That Plaintiff contacted Defendant concerning investment opportunities.

10) That based upon this contact, Plaintiff and Defendant communicated by email on a number of occasions concerning the investment opportunities offered by Defendant.

11) That based upon representations made by the Defendant, Plaintiff decided to invest with the Defendant as now more fully set forth below.

12) Plaintiff and Defendant entered into an agreement ("Agreement") wherein Plaintiff was to lend the sum of One Hundred Thousand Dollars ($100,000.00) for a term of six (6) months

to BUYCLE158, which loan was to be secured by a first lien upon certain real property located at 3318 Hearthstone Road, Parma, Ohio 44134 (the "Property"). A true and accurate copy of the recorded mortgage (the "Mortgage") is attached hereto and incorporated herein as Exhibit "A".

13) BUYCLE158 is the record title holder of the Property by virtue of a Special Warranty Deed recorded as Instrument No. 201712011931 with the Cuyahoga County Office of Fiscal Officer.

14) The transaction was documented with a promissory note (the "Note") and the Mortgage (collectively the "Loan"). A true and accurate copy of the Note is attached hereto and incorporated herein as Exhibit "B".

15) The documentation for the Loan was prepared by Defendant Motil and BUYCLE158.

16) Defendant Motil completed and supplied forms necessary to initiate an investment by Plaintiff Bonetta and copies of the Note and Mortgage.

17) Defendant signed the Mortgage and Note on behalf of BUYCLE158.

18) The Loan provides that the borrower will pay $1,250.00 per month for a term of 6 months from January 1, 2021 until June 1, 2021 with a balloon of $100,000.00 due on or before June 1, 2021.

19) The Loan provides that the entire unpaid principal and interest shall become due and payable on demand by the holder of the Note 120 days after such demand is made in writing.

20) The Note provides that the borrower will pay all costs and expenses incurred by the lender, including all reasonable attorney fees (whether hourly or contingent) for the collection of the Note upon default.

21) The Mortgage is not a first lien on the Property, as a mortgage which remains unsatisfied was recorded as Instrument No. 201712011393. A copy of the prior mortgage with first lien position is attached hereto and incorporated herein as Exhibit "C".

22) Defendant knew at the time of the Loan and Agreement that the Property was in fact encumbered by other interests which would be superior in right to the Mortgage.

23) At the time of the Loan and Agreement, Defendant individually and on behalf of BUYCLE158 intentionally misrepresented to Plaintiff that the Property was unencumbered by other liens which would be superior in right to the Mortgage.

24) Defendant, individually and on behalf of BUYCLE158 misrepresented to Plaintiff that the Property was valued at $180,000.00. A true and accurate copy of the email is attached hereto and incorporated herein as Exhibit "D". *See* page 3 ("**100k** at 15% for 6 months. Single Family. Valued at 180k. (1250/month!)". (Emphasis in original).

25) Defendant, individually and on behalf of BUYCLE158, knew that the value of the Property was less than $180,000.00.

26) Defendant Motil has wrongfully converted the proceeds of the Loan to BUYCLE158 to his own use and benefit and/or the use and benefit of BUYCLE158 and/or other entities controlled by Defendant Motil.

27) Defendant paid Plaintiff the January 2021 payment late.

28) Defendant paid Plaintiff the February 2021 payment late.

29) The Loan is due for the March 1, 2020 payment.

30) On January 20, 2021, Defendant Motil emailed Plaintiff and stated that he would return the $100,000.00 within 120 days, making it due May 20, 2021. Ex. D, p. 1.

31) Defendant failed to repay Plaintiff Bonetta the $100,000.00 principal.

32) Defendant engaged in scheme to defraud the Plaintiff of the Loan Proceeds.

33) Upon information and belief, the Defendant on behalf of himself and other business entities in which he owned and/or controlled, engaged in a scheme to defraud investors, including the Plaintiff.

34) Defendant individually and on behalf of BUYCLE158 was engaged in a scheme to defraud the Plaintiff by inducing by artifice and trickery, the Plaintiff to enter into the Agreement and make the Loan, with the Defendant never having the intention to honor his promises and representations.

35) That on March 27, 2022, the Defendant commenced a case in this Court seeking relief under Chapter 7 of the United States Bankruptcy Code. ("Case").

36) That the pursuant to the Agreement and the Loan, the Plaintiff is a creditor of the Defendant and holds a claim in the Case. ("Claim").

**FIRST CAUSE OF ACTION UNDER 11 USC § 523(A)(2)(A)**

37) Plaintiff reincorporates as if fully rewritten herein, the allegations contained in the above paragraphs.

38) That Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt-
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> >
> > > (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

39) That in entering into the Agreement and by entering into the Loan, the Defendant individually and on behalf of BUYCLE158 made representations to the Plaintiff that he would

comply with and abide by the representations he made, including those set forth in the Note and Mortgage.

40) That at the time of the Agreement and the Loan, the Defendant individually and on behalf of BUYCLE158 had no intention of honor those promises and representations he made.

41) That the promises and representations made by the Defendant individually and on behalf of BUYCLE158, including those promises and representations concerning the value of the Property and the lack of superior encumbrances against the Property, were material promises and representations and induced the Plaintiff to enter into the Agreement and make the Loan.

42) That in the absence of the material promises and representations made by the Defendant individually and on behalf of BUYCLE158, the Plaintiff would not have entered into the Agreement, nor would the Plaintiff have made the Loan.

43) That the Plaintiff reasonably and justifiably relied upon the false and fraudulent promises made by the Defendant individually and on behalf of BUYCLE158, including but not limited to those representations concerning the lack of superior encumbrances against the Property and the value of the Property.

44) That the promises and representations made by the Defendant individually and on behalf of BUYCLE158 with respect to the Agreement and the Loan were intentionally false and fraudulent representations.

45) That the Plaintiff performed all those promises made with respect to the Agreement and the Loan.

46) That the Defendant, individually and on behalf of the BUYCLE158 knew or should have known that the Plaintiff would rely on the false and fraudulent representations made to him concerning the Agreement and the Loan.

47) That as a direct and proximate result of the Defendant's intentionally false and fraudulent material representations, the Plaintiff had been damaged in an amount in excess of $100,000.00.

WHEREFORE, pursuant to 11 USC § 523(a)(2), the Plaintiff seeks an order and judgment from the Court holding that the Plaintiff's Claim in the Case arose as the result of a false pretense, false misrepresentation and/or actual fraud on the part of the Defendant, and therefore such Claim is not subject to any order of discharge entered in the Case, and that to the extent the Claim of the Plaintiff is not liquidated in another court of competent jurisdiction, that the Court liquidated the Claim of the Plaintiff by entering a monetary judgment against the Defendant for actual damages in an amount determined by the Court, that the Court award fees and costs to the Plaintiff, including his attorney fees and other legal costs, that the Court award the Plaintiff punitive damages and that the Court enter any other relief it deems just and equitable.

### SECOND CAUSE OF ACTION UNDER 11 USC § 523(A)(4)

48) Plaintiff reincorporates as if fully rewritten herein, the allegations contained in the above paragraphs.

49) Bankruptcy Code § 523(a)(4) provides, in relevant part, that:

A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt-

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]

50) That Defendant, by being the owner and/or person in control of BUYCLE158, was under a legal duty to operate in the best interest of BUYCLE158 and acted in a fiduciary capacity with respect to BUYCLE158.

51) That as a fiduciary, the Defendant was under a legal obligation to act in the best interest of BUYCLE158.

52) That the Plaintiff actually, reasonably and justifiably relief on Defendant's fiduciary capacity with respect to BUYCLE158 when entering into the Agreement and the Loan.

53) That the Defendant misappropriated and stole from BUYCLE158 those funds the Plaintiff had lent to BUYCLE158 under the Loan.

54) That the Defendant's actions of misappropriating and stealing from BUYCLE158 violated those fiduciary duties the Defendant had to BUYCLE158.

55) That the Defendant's actions of misappropriating and stealing from BUYCLE158 constitutes the act of defalcation for purposes of § 523(a)(4).

56) That the Defendant's actions of misappropriating and stealing from BUYCLE158 constitutes the acts of embezzlement and larceny for purposes of § 523(a)(4).

57) That by the Defendant's actions of misappropriating and stealing money from BUYCLE158, the Plaintiff's claim against BUYCLE158 and his ability to recover against BUYCLE158 under the Loan has been diminished and such claim has been rendered potentially valueless.

58) That as a direct and proximate result of the Defendant's actions of misappropriating and stealing money from BUYCLE158, and committing the act of defalcation while acting in a fiduciary capacity, the Plaintiff has suffered an injury and incurred damages.

WHEREFORE, pursuant to 11 USC § 523(a)(4), the Plaintiff seeks an order and judgment from the Court holding that the Plaintiff's Claim in the Case arose as the result of fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny on the part of the Defendant, and therefore such Claim is not subject to any order of discharge entered in the Case, and that to the extent the Claim of the Plaintiff is not liquidated in another court of competent jurisdiction, that the Court liquidated the Claim of the Plaintiff by entering a monetary judgment against the Defendant for actual damages in an amount determined by the Court, that the Court award fees and costs to the Plaintiff, including his attorney fees and other legal costs, that the Court award the Plaintiff punitive damages and that the Court enter any other relief it deems just and equitable.

### THIRD CAUSE OF ACTION UNDER 11 USC § 523(A)(19)

59) Plaintiff reincorporates as if fully rewritten herein, the allegations contained in the above paragraphs.

60) That the Agreement and Loan entered into between the Parties was a security for purposes of Federal Law and applicable state law.

61) That the Defendant individually and on behalf of BUYCLE158 sold to Plaintiff a security by entering into the Agreement and Loan.

62) That upon information and belief, the Defendant is not licensed to sell securities.

63) That the security sold by the Defendant individually and on behalf of BUYCLE158 did not meet the requirements necessary to comply with Federal Securities Law and applicable state securities law as among other matters, the necessary disclosures were not made to the Plaintiff.

64) That the Defendant's sale of a securities to the Plaintiff was in violation of Federal Securities Law and applicable state securities law and regulations issued under such laws.

65) That this Court or another court of competent jurisdiction may enter a judgment or other order finding that the Defendant violated Federal Securities Law and applicable state securities law and regulations issued under such laws, and that such orders and judgment may be issued after the commencement of the Case.

WHEREFORE, pursuant to 11 USC § 523(a)(19), the Plaintiff seeks an order and judgment from the Court holding that the Plaintiff's Claim in the Case is not subject to any order of discharge entered in the Case, and that to the extent the Claim of the Plaintiff is not liquidated in another court of competent jurisdiction, that the Court liquidated the Claim of the Plaintiff by entering a monetary judgment against the Defendant for actual damages as determined by the Court, that the Court award fees and costs to the Plaintiff, including his attorney fees and other legal costs, that the Court award the Plaintiff punitive damages and that the Court enter any other relief it deems just and equitable.

Respectfully submitted,

**CAVELL LAW, LLC**

*/s/ Hunter G. Cavell*
HUNTER G. CAVELL (0090567)
30625 Solon Road, Suite C
Solon, Ohio 44139
Ph: 440-715-7090
Fax: 440-448-4901
hcavell@cavelllaw.com
*Counsel for Plaintiff Brian Bonetta*