CUYAHOGA COUNTY
OFFICE OF FISCAL OFFICER - 5
MORT 1/22/2021 12:09:17 PM
202101220411

_____[Space Above This Line For Recording Date]_____

## MORTGAGE

Made on this 30th day of November, 2020, Between

    Brian Bonetta                                                   (hereinafter "Mortgagee")

    And

    BUYCLE158, LLC                                         (hereinafter "Mortgagor")

**Whereas, MORTGAGOR** by its Note (hereinafter the "NOTE") dated <u>November 30, 2020</u> is indebted to MORTGAGEE in the principal amount of $100,000.00 advanced by MORTGAGEE to MORTGAGOR, together with interest thereon at the rate(s) provided in the NOTE until the INDEBTEDNESS is paid in full in the manner and at the times set forth in the NOTE, with the final payment of principal and interest, if not sooner paid, due and payable at the maturity date set forth in the NOTE, as the same may be amended, and containing other terms and conditions, all of which are specifically incorporated herein by reference; and

**Whereas,** as a condition to extending the aforementioned INDEBTEDNESS to MORTGAGOR, the MORTGAGEE requires, and MORTGAGOR has agreed to secure the payment and performance of its obligations under the Note with this MORTGAGE.

**Now, Therefore,** MORTGAGOR, in consideration of the INDEBTEDNESS and as security for the payment of the same, does hereby mortgage, grant and convey to the MORTGAGEE, its successors and assigns:

All of MORTGAGOR'S right, title and interest in, to and under (i) the premises commonly referred to as **3318 Hearthstone Road, Parma, Ohio 44134** (i) as more particularly described in <u>Exhibit A</u> attached hereto and made a part hereof, together with all of the easements, rights of way, privileges, liberties, hereditaments, gores, streets, alleys, passages, ways, waters, watercourses, rights and appurtenances thereunto belonging or appertaining and all of the estate, right, title, interest, claim and demand whatsoever of the Mortgagor therein and in the public streets and ways adjacent thereto, either at law or in equity, in possession or expectancy (collectively, the "Property"); and (ii) the structures and buildings, and all additions and improvements thereto, now or hereafter erected upon the Property (including all equipment constituting fixtures thereon) (collectively, the "Improvements", and together with the Property, the "Mortgaged Premises");

**TO HAVE AND TO HOLD,** the Mortgaged Premises unto the Mortgagee, its successors and/or assigns, to its own use forever in accordance with the provisions hereof.

**Provided,** however, that if the MORTGAGOR shall pay to the MORTGAGEE the INDEBTEDNESS and shall fully perform each of the other covenants and agreements hereinafter set forth, then this Mortgage and the estate hereby granted and conveyed shall become void.

**This Mortgage** is executed and delivered subject to the following covenants and agreements:

(1)         MORTGAGOR shall promptly pay when due the INDEBTEDNESS according to the NOTE and this Mortgage.

22-10571-aih    Doc 40-1    FILED 05/27/22    ENTERED 05/27/22 11:24:43    Page 1 of 5

(2) Until the INDEBTEDNESS is fully paid, MORTGAGOR shall: (a) pay and discharge, when the same shall become due and payable, all taxes, assessments, sewer and water rents and all other charges and claims assessed or levied from time to time by any lawful authority upon any part of the MORTGAGED PREMISES and which shall or might have priority in lien or payment to the INDEBTEDNESS secured hereby, such payments to be made directly to the person or entity to which payment is owed; (b) pay and discharge all liens, claims or encumbrances which may be filed against the MORTGAGED PREMISES and which might have priority in lien or payment to the INDEBTEDNESS secured hereby; (c) provide and keep in effect, by paying the necessary premiums and charges thereon, such policies of hazard and liability insurance as MORTGAGEE may from time to time require on the improvements now or hereafter erected on the MORTGAGED PREMISES, with loss payable clauses in favor of MORTGAGOR and MORTGAGEE, as their respective interests may appear; and (d) promptly submit to MORTGAGEE evidence of the date and punctual payment of all of the foregoing charges. In the event of loss, MORTGAGOR shall give prompt notice to the insurance carrier and MORTGAGEE. Unless MORTGAGEE and MORTGAGOR otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the MORTGAGED PREMISES, if the restoration or repair is economically feasible and MORTGAGEE'S security is not lessened. If the restoration or repair is not feasible or if MORTGAGEE'S security would be lessened, the insurance proceeds shall be applied to the INDEBTEDNESS secured by this Mortgage, whether or not then due, with any excess paid to MORTGAGOR. If MORTGAGOR abandons the MORTGAGED PREMISES or does not answer, within 30 days, a notice from MORTGAGEE that the insurance carrier has offered to settle a claim, then MORTGAGEE may collect the insurance proceeds. MORTGAGEE may use the proceeds to repair or restore the MORTGAGED PREMISES or to pay the INDEBTEDNESS secured by this MORTAGEE and MORTGAGOR otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of monthly payments. If the MORTGAGED PREMISES are acquired by the MORTGAGEE through foreclosure, MORTGAGOR'S rights to any insurance policies and proceeds resulting from damage to the MORTGAGED PREMISES prior to the acquisitions shall pass to MORTGAGEE to the extent of the INDEBTEDNESS secured by this Mortgage immediately prior to the acquisition.

(3) MORTGAGOR shall maintain all improvements subject to this Mortgage in good and substantial repair, MORTGAGEE shall have the right to enter upon the MORTGAGED PREMISES at any reasonable hour for the purpose of inspecting the order, condition and repair of the improvements erected thereon.

(4) MORTGAGOR covenants and agrees not to create, nor permit to accrue, upon all or any part of the MORTGAGED PREMISES any debt, lien or charge which would be prior in lien or payment to the lien of this Mortgage.

(5) In the event MORTGAGOR neglects or refuses to perform the covenants and agreements contained in this Mortgage, then MORTGAGEE may, but shall not be required to, do so, and make whatever advances are necessary to protect the value of the MORTGAGED PREMISES and MORTGAGEE'S rights in the MORTGAGED PREMISES, provided that no such payment by the MORTGAGEE shall be considered a waiver or release of any remedy MORTGAGEE may have against MORTGAGOR. MORTGAGEE'S actions may include paying taxes, assessments, maintenance charges, insurance premiums, costs or expenses for the protection of the MORTGAGED PREMISES or the lien of this Mortgage or paying expenses, including attorney's fees, incurred by reason of the MORTGAGOR'S default. Any advances made by MORTGAGEE hereunder shall become additional INDEBTEDNESS of MORTGAGOR secured by this Mortgage. Unless MORTGAGEE agrees in writing to other terms of payment, these advances shall bear interest from the date of disbursement at the rate(s) set forth in the NOTE and shall be payable, with interest, upon notice from MORTGAGEE to MORTGAGOR requesting payment.

(6) Should the MORTGAGED PREMISES or any part thereof be taken or damaged by reason of any public condemnation proceeding or similar action, the MORTGAGEE shall be entitled to all compensation, awards, and any other payment or relief therefore to the extent of the outstanding INDEBTEDNESS and shall be entitled, at its option, to commence, appear in, and prosecute in its own name, any action or proceeding or to make any compromise or settlement in connection with such taking or damage. All such compensation, awards, damages, rights of action, and proceeds are hereby assigned to the

MORTGAGEE, who may, after deducting there from its expenses, including attorney's fees, release any monies received by it or apply the same to any INDEBTEDNESS secured hereby.

(7) If all or any part of the MORTGAGED PREMISES or any interest in it is sold or transferred, or if a beneficial interest in MORTGAGOR is sold or transferred and MORTGAGOR is not a natural person, without MORTGAGEE'S prior written consent, MORTGAGEE may, at its option, require immediate payment in full of all INDEBTEDNESS secured by this Mortgage. This option shall not be exercised if prohibited by law as of the date of this Mortgage. If MORTGAGEE exercises this option, MORTGAGEE shall give MORTGAGOR written notice of acceleration. This notice shall provide a period of not less than 30 days from the date the notice is mailed within which MORTGAGOR must pay the entire INDEBTEDNESS. If MORTGAGOR fails to pay these sums prior to the expiration of the 30-day period, MORTGAGEE may invoke any remedy permitted by this Mortgage without further notice or demand on MORTGAGOR.

(8) The following shall constitute Events of Default under this Mortgage: (a) MORTGAGOR'S failure to pay any installment of principal or interest in accordance with the NOTE; (b) MORTGAGOR'S failure to pay any other sum required to be paid in accordance with the NOTE or this Mortgage, when the same is due and payable; or (c) MORTGAGOR'S failure to perform any covenant or agreement in the NOTE or this Mortgage. If one or more of the foregoing Events of Default occurs, MORTGAGEE may, at its option, after any notice and opportunity to cure required by law and otherwise without notice and opportunity to cure, declare the entire unpaid balance of the INDEBTEDNESS to be immediately due and payable. MORTGAGEE may immediately institute an action of mortgage foreclosure or take any other legal action for the enforcement of this Mortgage, and proceed to final judgment and execution thereon for the INDEBTEDNESS, costs of suit and an attorney's commission for collection of      ten      percent (10.0%) but not less than $2,500.00. Interest at the highest rate provided in the NOTE shall continue to accrue on any judgment obtained by MORTGAGEE, until actual payment is made of the full amount due MORTGAGEE. MORTGAOR hereby waives and releases all benefits that might accrue to MORTGAGOR by virtue of any present or future laws exempting the MORTGAGED PREMISES, or any part of the proceeds arising from any sale thereof, from attachment, levy or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment.

(9) The covenants in this Mortgage shall bind, and its benefits shall inure to, the MORTGAGOR and the MORTGAGEE and their respective heirs, executors, administrators, successors and assigns, subject to the provisions of Paragraph 8.

(10) If this Mortgage is executed by more than one person, the undertakings and liability of each shall be joint and several.

(11) Any notice which is mailed certified mail to MORTGAGOR or to the person(s) who (is)(are) the then owner(s) of the MORTGAGED PREMISES at the address of the MORTGAGED PREMISES or at such other address as MORTGAGOR shall designate to MORTGAGEE in writing, shall be sufficient notice when required under this Mortgage.

(12) MORTGAGEE'S rights and remedies as provided herein or in the NOTE shall be cumulative and concurrent, and may be pursued singly, successively or together, at the sole discretion of MORTGAGEE, and may be exercised as often as the occasion therefor shall occur; and the failure to exercise any right or remedy shall in no event be construed as a waiver by MORTGAGEE or release of the same.

(13) In the event any term or provision of this Mortgage or the application thereof to any person or circumstances shall, to any extent be invalid and unenforceable, the remainder of this Mortgage, or its application other than to that which is held invalid or unenforceable, shall not be affected thereby, and each term and provision hereof shall be valid and enforceable to the fullest extent permitted by law.

This Mortgage shall be governed by the law of Ohio, in which the MORTGAGED PREMISES are located. This provision shall not limit the applicability of federal law to this Mortgage.

Executed this 30th Day of November, 2020.

For the Mortgagor,

_____
By: BUYCLE158, LLC

ACKNOWLEDGMENT STATE OF __Ohio__ COUNTY OF __Cuyahoga__

On this 30th day of November, 2020 personally appeared before me,

_____Matthew Motil_____,

known to me or provided sufficient identification, to be the person(s) whose name(s) are subscribed to the within instrument and acknowledged that they executed the same for the purposes therein contained.

__Kristen M Kish__ (seal)
Notary Public

My commission expires: 12/16/2023

**Document Prepared by Matthew Motil**

**Exhibit A**
**Legal Description**

Situated in the State of Ohio County of Cuyahoga and in the City of Parma

Located at:
3318 Hearthstone Road, Parma, Ohio 44134

With the legal description:

Parcel No. – 444-20-022