Exhibit C - Prior Mortgage

CUYAHOGA COUNTY
OFFICE OF FISCAL OFFICER - 6
MORT 12/1/2017 12:30:48 PM
**201712011393**

After Recording Return To:
Advantage Title Company, LLC
2037 Liberty Road
Eldersburg, MD 21784
AT-69739

# MORTGAGE DEED

BUYCLE158, LLC, an Ohio limited liability company
(Name of Borrower and Marital Status)

7011 Chadbourne Drive, North Olmsted, Ohio, 44070
(Address of Borrower)

hereinafter jointly and severally called "Borrower", whether one or more than one, for good and valuable consideration paid by

CAROL PECHMAN
(Name of Lender)

6735 Strathmore Drive, Valley View, Ohio, 44125
(Address of Lender)

hereinafter called "Lender", whether one or more than one, the receipt and sufficiency of which are hereby acknowledged, does hereby MORTGAGE, GRANT, BARGAIN, SELL and CONVEY to Lender the following described real estate situated in _____ City of _____
__Parma__ County of __Cuyahoga__, and State of Ohio:

SEE EXHIBIT A ATTACHED HERETO AND INCORPORATED HEREIN.

Permanent Parcel No.: 444-20-022

together with all privileges, easements, appurtenances, and other rights now or hereafter belonging or appertaining thereto, all buildings and other improvements now or hereafter located thereon, all fixtures and equipment now or hereafter attached thereto or used in connection therewith, and all rents and profits therefrom, all of which are hereinafter called the "Premises".

TO HAVE AND TO HOLD the Premises to Lender, Lender's personal representatives, heirs, successors and assigns, forever, subject to the conditions hereinafter set forth.

This Mortgage is given to secure the payment of money loaned to Borrower for the purchase and/or improvement of the Premises as evidenced by a certain promissory note (the "Note") of which Borrower is the maker and Lender is the payee, and which is in the principal amount of **$63,000.00** with interest at the rate of and to be paid as provided for in the Note; provided, however, that if not sooner paid the entire balance of the Note shall be due and payable on or before November 20, 2018.

Borrower, jointly and severally, if more than one, hereby covenants and agrees with Lender as follows:

Exhibit C - Prior Mortgage

§1. PAYMENT OF DEBT. Borrower shall pay when due the principal of and interest on the indebtedness evidenced by the Note in accordance with the terms thereof.

§2. STATE OF TITLE; WARRANTY. Borrower is lawfully seized of the Premises and the Premises are free and clear of all encumbrances whatsoever except: (a) the lien of real property taxes and assessments not yet due and payable; (b) legal highways; (c) zoning ordinances; (d) restrictions, conditions, covenants and utility easements of record; and Borrower will forever warrant and defend the Premises except as provided in this §2.

§3. REAL PROPERTY TAXES, ASSESSMENTS; LIENS AND CHARGES. Borrower, when the same shall become due and payable, shall pay all real property taxes and installments of assessments which are a lien on the Premises and, upon Lender's request, shall promptly provide Lender with proof of payment for the same. Borrower shall also pay, when the same shall become due and payable, any other governmental (Federal, State or local) levy or charge which is or may become a lien against the Premises superior to this Mortgage and shall promptly discharge any lien which has or may have priority over this Mortgage except as to any mortgage lien set forth in §2 above, which Borrower shall not permit to be in default.

§4. INSURANCE. At Borrower's expense, Borrower shall obtain and maintain in full force and effect at all times during the continuance of this Mortgage fire and extended coverage insurance in an amount sufficient to prevent Borrower from being a co-insurer under said policy of insurance, but in no event less than the aggregate unpaid balance of the Note and of all obligations secured by mortgages encumbering the Premises which have priority over this Mortgage. All such insurance policies or renewals thereof shall include a standard mortgage clause in favor of and in form acceptable to Lender. Borrower shall promptly furnish Lender with a copy of said policies and all receipts of paid premiums. The policies of insurance shall provide for written notice to Lender at least thirty (30) days prior to any cancellation, modification or lapse thereof. In the event of loss, Borrower shall give prompt written notice to Lender and Lender may make proof of loss if not promptly made by Borrower.

§5. MAINTENANCE OF PREMISES. Borrower shall keep the Premises in good repair and shall not commit waste or permit deterioration to the Premises, reasonable wear and tear excepted, and shall comply with all governmental (Federal, State or local) regulations concerning the Premises. If this Mortgage is on a unit in a condominium, Borrower shall perform all of Borrower's obligations under the constituent condominium documents.

Without Lender's prior consent, Borrower shall not grant any easements affecting the Premises, apply for any change in the current zoning designation for the Premises, change the use of the Premises other than what it is being utilized for as of the date hereof, create or change or modify any existing restrictions, conditions or covenants affecting the Premises, subdivide the Premises, or construct or make any structural or substantial improvements, alterations or modifications to the Premises.

§6. PROTECTION OF LENDER'S SECURITY. If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which Lender in Lender's reasonable judgment believe is detrimental to or impairs Lender's security in the Premises, including but not limited to eminent domain, insolvency, code enforcement, or arrangements or proceedings involving a bankrupt or decedent, then Lender, at Lender's option and upon notice to Borrower, may make such appearances, disburse such sums and take such action as is necessary to protect Lender's interest, including but not limited to, disbursement of reasonable attorney's fees and entry upon the Premises to make repairs.

Any amounts disbursed by Lender pursuant to this §6, or for advances made for the payment of real property taxes, assessments, or insurance premiums, with interest thereon as hereinafter provided, shall become additional amounts owed by Borrower which are secured by this Mortgage. Such amounts shall be payable upon notice to Borrower from Lender requesting payment thereof and shall bear interest from the date of disbursement at the rate payable from time to time on the unpaid principal under the Note. Nothing contained herein shall require Lender to incur any expense or take any action hereunder, and Borrower hereby waives any and all claims or right against Lender to any payment on, or offset against, the indebtedness secured hereby by reason of any such payment by Lender.

2

Exhibit C - Prior Mortgage

Lender, or Lender's agents, shall have the right to enter upon the Premises at all reasonable times for the purpose of inspecting the same, provided Lender shall give Borrower adequate and reasonable notice under the circumstances prior to any such entry. The notice provided for herein need not conform with the provisions of §14, below.

§7. **EMINENT DOMAIN.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation proceedings or other taking of the Premises, or a part thereof, or for conveyances in lieu of condemnation, are hereby assigned to Lender and shall be paid to Lender. When there is a total taking of the Premises, the proceeds shall be applied to the sums secured by this Mortgage, and the balance, if any, shall be paid to Borrower. When there is a partial taking of the Premises, unless Lender and Borrower otherwise agree in writing, the proceeds paid for such taking shall be applied to the sums secured by this Mortgage in the proportion which the unpaid principal amount of the sums secured by this Mortgage immediately prior to the date of taking bears to the fair market value of the Premises immediately prior to the date of taking, and the balance of such proceeds shall be paid to Borrower.

If (a) the Premises are abandoned, or (b) after notice by Lender to Borrower that the condemning authority offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within thirty (30) days after the date of such notice is mailed, Lender is hereby authorized to collect and apply the proceeds, at Lender's option, either to restoration or repair of the Premises or to the sums secured by this Mortgage.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to the sums secured by this Mortgage shall not extend or postpone the due date of the payment of the Note or change the amount of any installments due under the Note.

§8. **TRANSFER OF THE PREMISES.** If all or any part of the Premises or any interest therein is sold or transferred or mortgaged by Borrower without Lender's prior written consent, Lender may, at Lender's option, declare all sums secured by this Mortgage to be immediately due and payable.

§9. **SECURITY AGREEMENT; ASSIGNMENT OF RENTS.** This Mortgage shall act as and constitute a Security Agreement under the Uniform Commercial Code. Upon Lender's request, Borrower shall execute and deliver to Lender financing statements and other documents required to perfect a security interest in Borrower's personal property located at the Premises. The cost of recording such documents shall be paid by Borrower.

As part of the security granted by this Mortgage, Borrower hereby irrevocably transfers and assigns to Lender any and all leases and rental agreements and any and all security deposits or other deposits, rents and revenues of and from the Premises, provided that Borrower shall, prior to any default of the Note or this Mortgage or acceleration of the amounts secured by this Mortgage, have a license to collect and retain such rents. All rents collected by Lender or Lender's agent shall be applied first to the payment of costs of operation and management of the Premises and collection of rents, including but not limited to, receiver's bonds and fees, reasonable attorney's fees, and then to the sums secured by this Mortgage.

§10. **DEFAULT, REMEDIES.** The entire unpaid principal amount of the Note, together with all unpaid and accrued interest and all other charges and amounts payable to Lender under the Note or this Mortgage, shall, at Lender's option, become immediately due and payable: (a) if Borrower does not promptly and fully pay when due the amounts owed Lender under the Note in accordance with the terms and tenor of the Note; (b) if the Premises or any part thereof or any interest thereon are sold or transferred except as may be permitted under the provisions of §8 of this Mortgage; (c) if Borrower fails to observe or perform any other provision, covenant or condition required of Borrower under this Mortgage within thirty (30) days after Lender gives notice to Borrower of Borrower's failure to observe or perform such provision, covenant or condition; (d) if the Premises are abandoned; (e) if an order for relief under any bankruptcy laws of the United States is issued naming Borrower as debtor or if Borrower makes an assignment for the benefit of creditors or enters into a composition agreement with Borrower's creditors; (f) if the interest of Borrower in the Premises is attached, levied upon, or seized by legal process; or (g) if a trustee, receiver or liquidator is appointed on behalf of Borrower. Upon an acceleration of the amounts secured by this Mortgage as

3

Exhibit C - Prior Mortgage

provided for in this §10, Lender shall have the right to foreclose this Mortgage lien, have a receiver appointed, take possession of and manage the Premises, collect the rents derived from the Premises, and take any and all other action available to Lender under law.

§11. APPLICATION OF PAYMENTS. All payments received by Lender under the Note or this Mortgage, unless otherwise stated in this Mortgage, shall be applied by Lender first to the payment of any amounts advanced or paid by Lender for the protection of the security granted by this Mortgage, then to expenses incurred by Lender by reason of Borrower's default under this Mortgage, then to interest payable on the Note, and then to the principal of the Note.

§12. FORBEARANCE; REMEDIES CUMULATIVE. If Lender (a) grants any extension of time or forbearance with respect to the payment of any sums secured by this Mortgage, (b) takes other or additional security for the payment thereof, (c) waives or fails to exercise any right granted in this Mortgage or in the Note, (d) grants any release with or without consideration of the whole or part of the security granted by this Mortgage, or (e) amends or modifies in any respect any of the terms and provisions of this Mortgage or the Note, any such act or omission shall not release Borrower of any obligations under this Mortgage or under the Note, nor preclude Lender from exercising any right granted in this Mortgage or under law for a default by Borrower or for any subsequent default.

Lender's procurement and payment of fire and casualty insurance and Lender's payment of real property taxes and assessments and other governmental charges and liens after Borrower has failed to pay the same shall not be a waiver of Borrower's default or Lender's right to accelerate the indebtedness secured hereby.

All remedies provided in this Mortgage are distinct and cumulative to any other right or remedy under this Mortgage or which are afforded under law and may be exercised concurrently, independently or successively.

§13. SUCCESSORS AND ASSIGNS; JOINT AND SEVERAL LIABILITY; CAPTIONS; GOVERNING LAW; SEVERABILITY. Subject to the provisions of §8, above, the covenants and agreements of this Mortgage shall bind, and the rights hereunder shall inure to, the respective successors and assigns, personal representatives and heirs of Lender and Borrower. All covenants and agreements of Borrower shall be joint and several. The captions and section headings of this Mortgage are for convenience only and shall not be used to interpret or define the provisions of this Mortgage. This Mortgage shall be governed by the laws of the State of Ohio, and, if any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision. The provisions of this Mortgage and the Note are severable.

§14. NOTICES. Except as otherwise set forth in this Mortgage or as may otherwise be required by applicable law, any notice to be given under this Mortgage shall be in writing and mailed with postage prepaid to Lender and Borrower at the addresses set forth at the beginning of this Mortgage or to such other addresses as Lender or Borrower may designate by notice given to the other party as provided for in this §14.

§15. RELEASES. Upon payment of all sums secured by this Mortgage and the observance and performance of each of the covenants and agreements of this Mortgage to be observed and performed by Borrower, Lender shall provide to Borrower a release of this Mortgage, and of any other security interest given to Lender to secure the Note, in recordable form.

§16. OTHER PROVISIONS. In addition to the remedies set forth in §10, but not in lieu thereof, in the event of a default as set forth in §10, Borrower hereby grants to Lender by separate instrument, a Limited Power of Attorney, to convey by a deed to Lender or Lender's assignee or nominee, all of Borrower's right, title and interest in and to the Premises.

Exhibit C - Prior Mortgage

IN WITNESS WHEREOF, the undersigned Borrower has executed this Mortgage on this 20th day of November, 2017.

BUYCLE158, LLC<br>
By: NORTH SHORE EQUITY SALES, LLC<br>
By: _____<br>
Matthew Motil, Managing Member

STATE OF OHIO          )
                       ) SS:
COUNTY OF CUYAHOGA     )

BEFORE ME, a Notary Public in and for said State and County, personally appeared Matthew Motil, Managing Member of NORTH SHORE EQUITY SALES, LLC, who acknowledged the signing of the foregoing Mortgage and that the same is the free act and deed of such signatores (and if a corporation or a limited liability company that the same is the free act and deed of said corporation or limited liability company and the officers or members signing the same) for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have hereunto signed my name and affixed my official seal on the 20th day of November, 2017 at North Olmsted, Ohio.

_____
Notary Public

My Commission Expires_____

This instrument was prepared by: Jack Kurant of Wachter Kurant, LLC, Pepper Pike Place - Suite 300, 30195 Chagrin Boulevard, Cleveland, Ohio. 44124, (216) 292-3300_____, attorney at law.

DEBORAH L. KWATIA
Notary Public, State of Ohio
My Comm. Expires June 20, 2021

Y:\WP\04\JAG LOANS\MTGE\00758-04.doc

Exhibit C - Prior Mortgage

## EXHIBIT A

Situated in the City of Parma, County of Cuyahoga, and State of Ohio:

And known as being Sublot No. 19 and the Westerly 10 feet of Sublot No. 20 in Morning side Subdivision of Part of Original Parma Township Lot No. 7, Blake Tract, as shown by the recorded plat in volume 136 of Maps, Page 9 of Cuyahoga County Records, and being 50 feet front of the Northerly side of Hearthstone Road and extending back of equal width 120 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Permanent Parcel No.: 444-20-022

Address of Property: 3318 Hearthstone Road
Parma, Ohio 44134

Y:\WP\04\JAG LOANS\LEGDES\00532-04.doc