IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 22-10571 |
| | ) | |
| Matthew M. Motil, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Harris |

**DEBTOR'S OBJECTION TO CREDITORS HANSEN AND OLIVER'S MOTION TO EXTEND**

The Debtor, by and through his undersigned counsel, OBJECTS to the Motion of Creditors' Danielle Hansen and Toby Oliver to extend time in which to file a Complaint objecting to discharge [Docket No. 43]. In support of his objection, the Debtor respectfully sets forth the following:

1. The Motion is a virtual carbon copy of a Motion filed by the U. S. Trustee to extend the deadline for filing objections under Section 727(a) [Docket No. 37]. The U. S. Trustee had reasonable cause for filing that Motion, specifically, the U. S. Trustee had, and has, a right to obtain documents from the Debtor, and the U. S. Trustee and the Debtor agreed upon an extension, for the U. S. Trustee, only, for filing a Complaint under Section 727(a).

2. Creditors Danielle Hansen and Toby Oliver do not have reasonable cause for the extension sought in their Motion. The Debtor does not owe them any documents (and, in fact, the Creditors did not request any documents) and there is no agreement in place to extend the time to file a Complaint for anyone except the U. S. Trustee. Moreover, the Motion does not comply with FRBP 9013, which requires that the Motion state with particularity the grounds therefore.

3. As the Motion points out in Paragraph 2, counsel for the Movants requested consent to the extension from the undersigned counsel, and the undersigned counsel did not consent.

1

4. Creditors Hansen and Oliver, unlike other Creditors in this case, did not file a Complaint under Section 523. Moreover, it is not clear from the Motion, all of which is derived from the U. S. Trustee's Motion, why the Movants did not either file a Complaint under Section 727, if they have actual grounds to do so, or set forth reasonable grounds for the extension they seek.

5. The last-minute nature of the filing made here does not support the notion that legitimate ground exist for the drastic remedy of relief under Section 727, and the burden of demonstrating cause for the extension falls to the Movant. They have not carried that burden, and the Motion should be denied. This is especially true where the Motion of the U.S. Trustee indicates that Section 727 relief is under active consideration by the governmental agency best equipped to determine whether seeking such relief is appropriate, on behalf of all creditors.

**WHEREFORE**, the Debtor respectfully requests that this Court deny the Motion for an Extension of Time.

Respectfully submitted,
/s/Thomas W. Coffey
Thomas W. Coffey (0046877)
Coffey Law LLC
2430 Tremont Avenue
Cleveland, OH 44113
(216) 870-8866
tcoffey@tcoffeylaw.com

*Counsel for the Debtor*

## Certificate of Service

     I hereby certify that a copy of the foregoing Debtor's Objection to Hansen's Motion to Extend was served on Matthew R. Duncan and all other counsel of record in this case through the Court's electronic filing system on this 14th day of June, 2022.

/s/ Thomas W. Coffey
Thomas W. Coffey (0046877)
