The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 14, 2022, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: July 14, 2022**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MATTHEW M. MOTIL, | ) | Case No. 22-10571 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

On June 3, 2022, creditors Danielle Hanson, Toby Oliver, IRA Services Trust Company, and Kenneth Lynch (collectively the "movants"), timely filed motions requesting an extension of time to file a complaint objecting to the debtor's discharge under 11 U.S.C. § 727 and Bankruptcy Rule 4004(b)(1). The movants seek an extension until August 3, 2022, the same deadline already set for the U.S. Trustee to file a complaint objecting to the debtor's discharge. Although the debtor consented to the extension requested by the U.S. Trustee, the debtor

---

[1] This Memorandum of Opinion is not intended for official publication.

opposes similar extensions requested by the movants. On June 28, 2022, the Court heard argument on the motions for extension of time and indicated that it would grant similar extensions of time to August 3, 2022, with a written opinion and order to follow. For the reasons stated on the record and in this Memorandum of Opinion, the Court finds cause under Bankruptcy Rule 4004(b)(1) to extend the deadline for the movants to file a complaint objecting to the debtor's discharge to August 3, 2022, the same deadline already set for the U.S. Trustee with the debtor's consent.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## BACKGROUND AND PROCEDURAL HISTORY

On March 7, 2022, the debtor filed a voluntary chapter 7 bankruptcy petition (Docket No. 1). The § 341 meeting of creditors was first set for April 4, 2022, but was adjourned and held on May 3, 2022, but not concluded (Docket Nos. 2, 21). Apparently, the trustee orally adjourned the § 341 meeting of creditors to a date yet to be determined. On May 25, 2022, the U.S. Trustee filed an unopposed motion

2

to extend time to file a complaint objecting to the debtor's discharge (Docket No. 37).  On June 13, 2022, this Court approved an agreed order granting the U.S. Trustee's motion, extending the time for the U.S. Trustee to file a complaint to August 3, 2022 (Docket No. 53).  On June 3, 2022, the movants filed their respective motions, similar to the U.S. Trustee's motion, requesting that the Court also extend their deadline to file a complaint objecting to discharge to August 3, 2022 (Docket Nos. 43, 48).  The movants appear on the debtor's list of creditors, and the movants participated in the § 341 meeting (Docket Nos. 43, 48).  The movants assert their motions should be granted due to the overall complexity of the case and because the § 341 meeting has not yet concluded (Docket Nos. 43, 48).  On June 28, 2022, the Court heard argument regarding the motions.  During argument on June 28, 2022, counsel for movants Danielle Hansen and Toby Oliver stated on the record, and for the first time that, they were also seeking an extension of time object to dischargeability of particular debts pursuant to 11 U.S.C. § 523(c) and Bankruptcy Rule 4007(c).

## DISCUSSION

Rule 4004 of the Federal Rules of Bankruptcy Procedure sets forth the procedure for objecting to a debtor's discharge.  Rule 4004(a) requires a complaint objecting to a debtor's discharge to be made within 60 days of the initially

3

scheduled § 341 meeting in a chapter 7 case. However, Rule 4004(b)(1) states, "On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge." Rule 4007(c) sets a similar 60-day deadline to object to the dischargeability of particular debts under 11 U.S.C. § 523(c) and uses identical "for cause" language when considering extensions of time. Therefore, this Court will apply the analysis used to determine cause in cases under one rule as applicable to determining cause under the other rule. *See Kontrick v. Ryan*, 540 U.S. 443, 448 n.3 (2004) (noting that Rules 4004(a) and 4007(c) set the same deadlines and therefore courts have used the decisions construing one in determining the other); *Schwartz v. Weinberg (In re Weinberg)*, 197 F. App'x 182, 185 n.3 (3d Cir. 2006) (noting that "given the similar language of Rules 4004(a) and 4007(c), construction of one is informative of the proper construction of the other"); *In re Luckey*, No. 18-32908, 2019 WL 1028905, *2 (Bankr. N.D. Ohio Mar. 4, 2019) (holding that the standard for obtaining an extension under Rule 4004(b)(1) is the same as under Rule 4007(c)); *accord In re Tumbleson*, 596 B.R. 913, 915 (Bankr. N.D. Fla. 2018) ("The legal standard for assessing a request for an extension of time to file complaints objecting to a debtor's discharge under Rule 4004(b) and to the dischargeability of a debt under Rule 4007(c) is the same."); *In re Chatkhan*, 455 B.R. 365, 367

4

(Bankr. E.D.N.Y. 2011); *In re Bomarito*, 448 B.R. 242, 248 (Bankr. E.D. Cal. 2011); *In re James*, 187 B.R. 395, 397 (Bankr. N.D. Ga. 1995), *cited in In re Brady*, 101 F.3d 1165, 1171 (6th Cir. 1996) (discussing the meaning of "cause" under both rules simultaneously); *see also Keen v. Helson*, 930 F.3d 799, 804 (6th Cir. 2019) (quoting *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 86 (2006)) ("Identical words used in different parts of the same statute are presumed to have the same meaning.").

The Sixth Circuit Court of Appeals and the Sixth Circuit Bankruptcy Appellate Panel appear to apply different standards when deciding whether to extend time for cause under Bankruptcy Rules 4004 and 4007. In *In re Brady*, the Sixth Circuit embraced a low threshold to show sufficient cause. 101 F.3d at 1171. On the other hand, in *In re St. George*, the Sixth Circuit Bankruptcy Appellate Panel adopted what seems to be a heightened "for cause" standard using a five-factor test. Nos. 16-8017/8018, 2017 WL 1379321, at *4 (B.A.P. 6th Cir., Apr. 17, 2017) (citing *Chatkhan*, 455 B.R. at 368). Whether the Court applies the standard the Sixth Circuit set forth in *Brady* or what appears to be a heightened standard in *St. George*, an unpublished decision that does not reference *Brady*, the movants have met their burden to show sufficient cause to extend time to object to the debtor's discharge under section 727 and Bankruptcy Rule 4004.

5

*Analysis under* Brady *and Minimally Sufficient Showing of Cause*

In *Brady*, the Sixth Circuit upheld the bankruptcy court's order granting the chapter 7 trustee's motion to extend time to file a nondischargeability complaint on behalf of all creditors. 101 F.3d at 1169. The Sixth Circuit explained that the chapter 7 trustee's request would "not delay bankruptcy proceedings unnecessarily because parties requesting such an extension still must demonstrate some minimally sufficient showing of cause for the extension." *Id.* at 1171. The Sixth Circuit Bankruptcy Appellate Panel recognized the *Brady* standard in *In re Sheppard* stating, "the threshold for granting [Rule 4007(c) motions for extension of time] should be set low." 532 B.R. 672, 677 (B.A.P. 6th Cir. 2015). The *Sheppard* court recognized the importance of the speedy administration of the bankruptcy estate and the fresh start for the debtor but found a timely submitted motion to extend time showed cause stating, "It is true that an extension of time does harm a debtor to some extent, but motions to extend are granted so frequently that, absent a showing of severe and real harm, the balance of the equities weighs in favor of granting a short extension of time." *Id.* at 679. The movants in this case filed their motions to extend time before the deadline had passed. The movants also attended the § 341 meeting and expressed their intent to attend the continuation of the § 341 meeting. The *Sheppard* court even suggested a missed

deadline should not automatically dismiss a motion to extend time. *Id.* at 677 ("The Sixth Circuit has adopted a policy of freely granting motions that allow a case to be decided on its merits, not on technicalities and missed deadlines.").

In addition, the movants are seeking the same extension of time already granted to the U.S. Trustee with the consent of the debtor. Given this already granted extension and a 341 meeting that has yet to be concluded, the Court sees little delay or prejudice to the debtor from giving movants the same deadline. Furthermore, it would be inequitable if deadlines were extended to some parties but not others based on the debtor's consent given to select parties. In short, under the *Brady* and *Sheppard* standard, the movants acted on their rights and showed sufficient cause to extend time.

*Analysis under* St. George *and the Five-Factor Test*

In *St. George*, the Sixth Circuit Bankruptcy Appellate Panel adopted an apparently heightened standard for cause using a five-factor test. 2017 WL 1379321, at *4 (citing *Chatkhan*, 455 B.R. at 368). The five factors are as follows:

> (1) whether the creditor has received sufficient notice of the deadline and the information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.

7

*Id.* In *St. George*, the court applied the five-factor test to a Rule 4004(b) motion to extend time and found the second extension the U.S. Trustee received unwarranted due to the U.S. Trustee's inaction during the first 60-day extension. *Id.* at *5. Additionally, the fact that the debtor's counsel obtained a $5,000 retainer was not in itself enough to prove the case complex. *Id.*

Recent decisions from the Northern District of Ohio have also applied the five-factor test to determine whether the movant has shown sufficient cause to extend time. *See In re Tapp*, No. 19-62481, 2020 WL 1518539 (Bankr. N.D. Ohio Mar. 30, 2020) (applying the five-factor test to a Rule 4007(c) motion for extension of time) *and Luckey*, 2019 WL 1028905 (also applying the five-factor test to a Rule 4007(c) motion for extension of time). In *Luckey*, the court held the movant failed to show sufficient cause under the five-factor test because the movant had knowledge of the bankruptcy filing and did not act on it, the movant failed to exercise due diligence as it had the necessary information needed to file a complaint without additional input from the debtor, and the movant's allegations of fraud did not make the case exceptional under the circumstances. 2019 WL 1028905, at *3–4. In *Tapp*, the court held the movant showed cause under the five-factor test because of the complex litigation history associated with the case, the movant's diligence in promptly filing its motion, and the ongoing settlement

discussions between the movant and the chapter 7 trustee.  2020 WL 1518539, at *2.

The five-factor test supports granting the movants' motions to extend time. Factor five is not applicable to these circumstances and is, therefore, immaterial to this case because there are no proceedings pending in other forums that would result in collateral estoppel of relevant issues in this case.  Factors one and four weigh against granting the motions as the movants had sufficient notice and there is no evidence to suggest—nor do the movants allege—that the debtor has acted in bad faith by refusing to cooperate.  However, factors two and three weigh heavily towards granting the motions to extend time.  At the time the movants filed their motions to extend time there were already six pending adversary cases against the debtor (Adv. Pro. Nos. 22-1032, 22-1036, 22-1043, 22-1047, 22-1048, and 22-1049).  The number of adversary proceedings and creditors involved in this case adds a level of complexity which satisfies factor two.  Factor three requires a movant to act with due diligence.  In *Luckey*, the court held the movant failed to act with due diligence as they had all the information needed to file a complaint but failed to do so.  2019 WL 1028905, at *3.  This case is distinguishable from *Luckey* because the § 341 meeting has yet to conclude.  The movants participated in the first § 341 meeting and indicated they would attend the continuation of the

9

§ 341 meeting (Docket Nos. 43, 48). Additionally, the movants filed their respective motions before the deadline. The *Tapp* court found the movant acted with due diligence by filing the motion to extend time before the deadline had passed. 2020 WL 1518539, at *2. Under the five-factor test, the movants have shown sufficient cause for an extension of time.

In addition, as already noted in the analysis under *Brady*, the movants are seeking the same extension of time already granted to the U.S. Trustee with the consent of the debtor. Given this already granted extension and a 341 meeting that has yet to be concluded, the Court sees little delay or prejudice to the debtor from giving movants the same deadline. Furthermore, it would be inequitable if deadlines were extended to some parties but not others based on the debtor's consent given to select parties.

*Oral Request to Extend Deadline to File Dischargeability Action Under Section 523(c) and Bankruptcy Rule 4007(c) Is Denied as Untimely*

Finally, the Court rejects as untimely the movants' oral request on June 28, 2022, to extend the deadline to file a complaint objecting to the dischargeability of particular debts under section 523(c) and Bankruptcy Rule 4007(c). Under Bankruptcy Rule 4007(c), such motion must be filed before the time expired, which in this case was June 3, 2022.

## CONCLUSION

For the reasons stated above, the Court grants the movants' motions to extend to August 3, 2022, the deadline for them to file a complaint objecting to the debtor's discharge. The Court denies as untimely the movants' oral request to extend the deadline to file a complaint objecting to the dischargeability of particular debts.

IT IS SO ORDERED.