IT IS SO ORDERED.

Dated: 7 June, 2024 03:50 PM

Suzana Krstevski Koch
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| In re: | ) | Case No. 22-10571 |
| --- | --- | --- |
| | ) | |
| MATTHEW M. MOTIL, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Suzana Krstevski Koch |

### Contested Matter Scheduling Order

This cause is before the Court on Intervenor's Motion for Transfer of Ownership of INVCLE 107 LLC, or in the alternative renewal of Motion for Relief from Automatic Stay filed by Claimant Anthony Adams (Doc. 160); Objection filed by Virgil E. Brown, Jr. (Doc. 164); and Intervenor's Reply (Doc 166). The Court held a hearing on this matter on June 4, 2024.

IT IS ORDERED THAT:

1. <u>Hearing Date</u>. This cause is scheduled for an evidentiary hearing on **Thursday, August 15, 2024 at 9:30 a.m.** in the courtroom of the Honorable Suzana Krstevski Koch, Courtroom 2A, Howard M. Metzenbaum, United States Courthouse, 201 Superior Avenue, Cleveland, Ohio 44114.

2. <u>In Person</u>.  Lead counsel and all parties in interest shall be present in person.

3. <u>Witness Lists</u>.  No later than one week before the evidentiary hearing date, counsel shall file with the Court, and exchange with each other, a list of all witnesses their clients intend to call at the evidentiary hearing.  In addition to the full name and address of the witnesses, the parties shall provide a brief one or two-sentence synopsis of the testimony the witness is expected to offer.  Example: "Testimony regarding loan balance." Or "Expert testimony regarding fair market value of real property."  The parties shall also describe any special needs (i.e., primary language or disability) of a witness and suggest an appropriate accommodation.

4. <u>Exhibits Exchanged Among Counsel</u>.  No later than one week before the evidentiary hearing date, counsel shall exchange with each other exhibit lists and trial exhibits.  Parties must complete the physical marking and numbering of all papers and objects that may be introduced as exhibits prior to the proceedings before the Court.  Parties must also mark a copy, rather than the original document, unless there is good cause for offering an original record.  Original documents offered must be noted accordingly.  Upon request, a party must make the original version of the exhibits available for inspection by the other parties.

Exhibits are to be marked using the following protocol:

(i) Trustee is assigned number 1-99.
Exhibits must be marked: Trustee-1 or T-1, Trustee-2 or T-2, etc.

(ii) Debtor is assigned numbers 101-199.
Exhibits must be marked: Debtor-101 or D-101, Debtor-102 or D-102, etc.

(iii) Creditors must begin with number 201.  If there is more than one creditor involved in a hearing or trial, one creditor will be assigned 201-299, the next creditor will be assigned 301-399, etc.  Creditors must use an acronym or word that easily identifies the litigant.
Ex: USA-201 or IRS-201, Bank-301 or US Bank-301, Smith-401, ABC Co-501.

(iv) United State Trustee's exhibits must be marked alphabetically.

2

Exhibits must be marked: UST-A, UST-B, etc.

If exhibits exceed 99 for one or more parties, the parties must use decimals. Parties must disclose and list all exhibits relating to an issue on which their client has the burden of proof or the burden of going forward with the evidence. Documents to be used solely for rebuttal purposes or impeachment need not be numbered or listed until identified at the evidentiary hearing. If a party fails to disclose or list an exhibit required by this Order or a procedural rule, the Court will refuse to admit it into evidence unless the party shows good cause for failing to disclose the exhibit.

5. <u>Exhibits Delivered to Chambers</u>. At least three business days before the evidentiary hearing date, the parties shall deliver three copies of their marked exhibits to the Court (originally-marked exhibits shall be offered at trial). If a party intends to offer more than 15 exhibits, the copies of the exhibits delivered to the Court must be tabbed and bound in binders.

6. <u>Trial Brief</u>. At least three business days before the evidentiary hearing date, the parties shall file and serve a trial brief. The brief shall contain:

    (i)    a general statement of the case;

    (ii)    a list of the fact issues to be determined at trial with reference to the burden of proof and a short discussion of evidence to be offered, and proposed finding of fact which shall cite the particular witness(es) or exhibit(s) upon which each suggested finding is based;

    (iii)    a list of the issues of law to be determined with citations to authority referencing the legal standard and the elements of any claims or affirmative defenses, and conclusion of law which shall cite legal authority;

    (iv)    a summary of any non-monetary or monetary relief sought, including injunctive relief, determination of dischargeability, allowance of a claim, secured status, costs, fees, etc. and the basis of any relief sought;

    (v)    an itemized statement of damages, in cases in which damages are relevant (if the parties agree on damages, they shall submit a stipulated statement

> > of the damages; if the parties do not agree on damages, each party shall submit an itemized statement of damages); and
>
> > (vi) a statement of any evidentiary or procedural problem expected to arise, with citations to authority.

7. <u>Failure To Comply</u>. If a party fails to comply with the requirements of this Order, such failure may result in dismissal, default, sanctions, or other consequences the Court deems appropriate.

8. <u>Continuances</u>. No party shall be granted a continuance of a trial or evidentiary hearing without first filing and serving a written motion stating the reason for the continuance.

IT IS SO ORDERED.

###